128 So.2d 915 (1961)
Leon JACKSON, Plaintiff-Appellee,
v.
ADMINISTRATOR OF DIVISION OF EMPLOYMENT SECURITY OF DEPARTMENT OF LABOR, State of Louisiana, and Ogilvie Hardware Co., Inc., Defendants-Appellants.
No. 9456.
Court of Appeal of Louisiana, Second Circuit.
April 12, 1961.
Rehearing Denied May 10, 1961.
Certiorari Denied May 30, 1961.
*916 Jerry H. Bankston, Baton Rouge, for Administrator of Division of Employment Security of Department of Labor, La.
Love & Rigby, Shreveport, for Ogilvie Hardware Co., Inc.
Henri Loridans, Bossier City, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Leon Jackson filed a claim for employment security benefits pursuant to LSA-R.S. 23:1622 on February 8, 1960, assigning the reason for leaving his employment as having been laid off due to lack of work. The employer's reply stated that claimant was having personal difficulties with regard to his financial situation and had been discharged when a creditor began garnishment proceedings. The agency disqualified the applicant and he appealed first to the appeals referee by virtue of the rights accorded him by LSA-R.S. 23:1629, and then to the Board of Review for the Division of Employment Security as per LSA-R.S. 23:1630. The disqualification was affirmed by the reviewing authorities whereupon claimant appealed to the First Judicial District Court as provided in LSA-R.S. 23:1634, and the disqualification was set aside. The Administrator and the employer have perfected this appeal from the judgment of the district court.
Plaintiff worked for the employer herein concerned for approximately two years and eight months. He was employed as a laborer in the warehouse and paid at the rate of $1 per hour, working 40 hours per week. Claimant experienced difficulties with his creditors and was warned that if he did not make satisfactory arrangements with the creditors his employment would be jeopardized. The creditors harassed Jackson while he was on the job and his employer contends same necessitated loss of time and work.
On February 8, 1960, the employer was informed that garnishment proceedings had been instituted against claimant and thereupon discharged him.
In disqualifying plaintiff, the Division of Employment Security relied upon LSA-R. *917 S. 23:1601(2) which reads in part as follows:
"An individual shall be disqualified for benefits:
* * * * * *
"(2) If the administrator finds that he has been discharged for misconduct connected with his employment. * * *" (Emphasis supplied.)
Therefore, the issue presented herein is whether harassment and threatened garnishment by creditors of an employee constitute "misconduct connected with his employment" and disqualify the employee for benefits under the employment security act.
We are aware that the factual findings of the Board of Review are conclusive if supported by evidence which can be found to constitute legal, competent and sufficient proof. LSA-R.S. 23:1634. However, it is the duty of the court to determine if such factual findings are indicative of a disqualification under the statute.
Misconduct under the statute in question was interpreted in Lacombe v. Sharp, La. App. 2 Cir., 1957, 99 So.2d 387, 388, as:
"In Burge v. Administrator, Etc., 1955, La.App., 83 So.2d 532, 535, after observing that Webster defines misconduct as wrong or improper conduct; bad behavior, unlawful behavior or conduct or malfeasance, this court stated:
"`We are mindful that Section 1601 does not qualify the word `misconduct' with `willful' or other adjectives denoting relative degrees of culpability, but where used in similar unemployment compensation acts and judicially interpreted `misconduct' has been distinguished from mere heedlessness or carelessness.'"
Or, as was said in Sewell v. Sharp, La. App. 2 Cir. 1958, 102 So.2d 259, 261:
"Misconduct, within the meaning of the Unemployment Compensation Act, excluding from its benefits an employee * * * for misconduct, must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, and a disregard of standards of behavior which the employer has a right to expect of his employees." Authorities cited.
It is also to be noted that the Louisiana Employment Security Act falls within a class of social and economic legislation which is remedial in its nature, and as such should be so interpreted by the courts as to extend its benefits as far as possible within the bounds imposed by expressed legislative restrictions. Therefore, the term "misconduct" should be construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision by excluding cases not clearly intended to be within the exception. See Sewell v. Sharp, supra.
As justification for the position that the circumstances herein constitute misconduct connected with the employment, appellants cite American Sugar Refining Company v. Taylor, Orleans App.1959, 115 So.2d 898, wherein it was held that several garnishments in violation of company rules constituted misconduct so as to disqualify claimant from benefits under the Employment Security Law. However, the cited case is distinguishable on factual grounds from the one at bar as no garnishment had been levied in the instant case prior to the discharge of claimant.
In the case now under consideration, we are concerned with a determination of whether harassment by creditors is so connected with the employment that an employee is disqualified from benefits otherwise accruing to him. It is apparent that the employer could have prevented the employee's loss of time and work by simply refusing the creditors access to him during the work periods. This remedy was within the power of the employer if he desired to avail himself of it. It is also relative that the cause of the discharge was a consequence *918 of the personal life of claimant and should not be a disqualifying act unless directly affecting his employment.
Even in view of a rule against such conduct, we do not feel that it can reasonably be said that violation of the rule which relates to matters outside one's employment is "misconduct connected with employment". We do not intend to say, and we do not say, that the employer did not have the right to discharge the employee under these circumstances for the employer could have discharged claimant without any reason had he so desired. However, it is our opinion that such facts as present here cannot be classified as misconduct under the act.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.