HARDY, Judge.
This action was instituted by plaintiff as a judicial appeal from the denial of his claims for unemployment compensation by the several administrative agencies of the Division of Employment Security of the Department of Labor, State of Louisiana. After hearing of the appeal by the First Judicial District Court in and for Caddo Parish, the action of the Board of Review of the administrative agency which had denied plaintiff’s claim was affirmed, and from this judgment plaintiff has appealed.
Only one question is presented for determination of this appeal, namely, whether plaintiff is disqualified from receiving unemployment benefits under the provisions of the statute (LSA-R.S. 23:1471 et seq.) by reason of his own misconduct in • connection with his employment (LSA-R.S. 23:1601(2)).
Although the testimony in the record is subject to some uncertainty and confusion, the material facts appear to be conclusively established. The claimant, Horns, had been employed by Olin-Mathie-son Company for a period of some six years, more or less, during which the performance of his duties was completely satisfactory; claimant was the head of a family consisting of his wife and seven children and his base wage was $1.10 per hour for a work week of forty hours; on some occasions during the period of Hs employment he was laid off for varying periods and, as a consequence, his wages were reduced to an amount of some $30.00 to $35.00 per week; claimant’s employer had in effect a company rule subjecting an employee to discharge in cases where writs of garnishment were issued against his earnings; beginning in August of 1960 the claimant’s wages were garnisheed in several instances, and, finally, since one or more of the writs were not released, his employment was terminated.
We have no quarrel with the employer’s rule with respect to dismissal of employees in instances where garnishments were levied against their wages. This rule affects only the policy of an employer with reference to the terms and conditions of employment. So far as we are concerned, an employer may adopt and make effective any nature of rule, reasonable or unreasonable — -for example, the dying of hair by female employees or the wearing of bow ties by male employees — which would subject the violators to discharge. Indeed, an employer may terminate the services of an employee with or without reason. We make this gratuitous observation in order to pinpoint the crux of the instant case which does not concern the right of the employer . to discharge the employee but *783 involves the entirely separate and distinct right of such employee to the statutory unemployment compensation benefits.
The appropriate statutory provision with respect to disqualification for benefits under the Act, LSA-R.S. 23:1601, reads as follows:
“An individual shall be disqualified for benefits: * * *
“(2) If the administrator finds that he has been discharged for misconduct connected with his employment.”
In view of the above provision, we are required to determine in the instant case whether multiple writs of garnishment levied against the wages of an employee (without regard to a company rule) constitute misconduct connected with the employment.
Adverting to the definition of the term “misconduct” within the meaning of the statute, this court has declared that it must be an act of “wanton or willful disregard of the employer’s interest, a deliberate violation of the employer’s rules, and a disregard of standards of behavior which the employer has a right to expect of his employees”; Sewell v. Sharp (La.App., 2d Cir., 1958), 102 So.2d 259; quoted with approval in American Sugar Refining Company v. Taylor et al. (La.App.Orleans, 1959), 115 So.2d 898.
In Jackson v. Administrator of Division of Employment Security (La.App. 2d Cir., 1961, writs denied), 128 So.2d 915, we held that an employee involved in personal financial difficulties who was discharged when a creditor began garnishment proceedings, was not guilty of misconduct connected with his employment, and, accordingly, allowed recovery. And, in Robinson v. Brown (La.App. 2d Circuit, 1961), 129 So.2d 45, in which an employee, whose wages were garnisheed in violation of a company rule relating to employment, was discharged, we allowed recovery by the claimant, and, in so doing, attempted to distinguish the violation of a company rule which might justify discharge and the statutory provision with respect to disqualification on the ground of misconduct in connection with the employment.
In both of the above cited cases reference was made to the holding of our brethren of the Orleans Court in the American Sugar Refining Company case, cited supra, which we concluded in each instance was distinguishable under the facts.
No such distinction is appropriate to a consideration of the instant case for the facts of the American Sugar case are remarkably similar. It is therefore necessary for us to accept or reject the conclusion reached by the Orleans Court in the American Sugar case. After careful study of the opinion of the court, and with all respect therefor, we find ourselves in disagreement both with the reasoning of the opinion and the conclusion drawn therefrom. We think the principal basis for our disagreement, may be pointed up by the following quotation from the opinion after it had quoted with approval the definition of “misconduct” as enunciated by this court in the Sewell case. The opinion declared:
“It is a well-known fact that in this present era the incurrence of debt through installment buying has become accepted as routine by most wage earners, and so long as the debtor pays his bills, the employer would have no inter-test in the employee’s affairs. But when the workman permits his creditors to levy against his salary by garnishment, this may place an intolerable burden on the employer, especially in' view of the fact that garnishments cause expense to the employer for which there is no compensating return, and then it is the employer becomes involved in the employee’s affairs. We are of the opinion that when Taylor permitted excessive and multiple garnishments to be issued against his wages in violation of the company rule, such constituted a disregard of his employ *784 er’s interest and is misconduct in the employment within the contemplation of the statute, and we think that when the employer discharged such a recalcitrant employee, it should be able to successfully urge a protest to the allowance of unemployment compensation benefits to him. Our thought is that an employee who habitually allows garnishments to be issued in violation of the employer’s rule is as much guilty of misconduct in the employment as would be an employee who deliberately and unauthorizedly sold his employer’s merchandise at a loss.” (Emphasis supplied.)
The opening sentence of the above quotation admits of no dispute. However, we find ourselves in emphatic disagreement with the line of reasoning exemplified by the remainder of the quotation. The verbiage used, which we have above emphasized, makes it clear that the court considered the issuance of numerous garnishments to be attributable to the voluntary and intentional disregard of his employer’s interest on the part of the employee. It is hardly necessary to point out the fact that a judgment debtor does not necessarily “permit” nor “allow” the issuance of garnishments. The issuance of such writs is a right accorded by law to a judgment creditor, and, so far as we know, is not dependent upon the volition nor the permission of the judgment debtor. For this reason, we are constrained to feel that the court’s conclusion which it expressed as follows:
“The phrase ‘misconduct connected with his employment’ has breadth enough to cover the violation of the company rule in the instant case.”,
was based upon an erroneous premise.
The consideration of our State Employment Security Act as constituting social and economic legislation subjects it to that interpretation by our courts which will extend its benefits subject only to the limitation of expressed legislative restrictions-; Burge v. Administrator, etc. (La.App. 2d Cir., 1955), 83 So.2d 532. In this respect the statutory benefits fall into the same category as those which are appropriately applied under the Workmen’s Compensation Act, and similar statutes where the clear legislative intent is designed to protect employees from becoming a burden upon society in general.
Unfortunate involvements in financial difficulties are not the particular and exclusive misfortunes of employees in the low income brackets, but are held in common with many individuals of much higher social status and far greater economic resources. The causes of these difficulties are many and varied, but there is no provision in our Employment Security Law which requires a claimant to show that his financial difficulties have occurred without his fault. While such troubles may result from improvidence or lack of financial responsibility, they may, and frequently do, occur as a consequence of unforseeable misfortunes, and, indeed, from absolute and essential physical needs. To hold that the results are attributable to misconduct related to a claimant’s employment, in our opinion, would be equivalent to denying the social purpose and benefit of the Act and to apply an unduly harsh penalty which is not supported by the obvious purpose nor the explicit provisions of the statute.
It is, therefore, our conclusion in the instant case that while the issuance of the writs of garnishment against this plaintiff constituted a violation of his employer’s rule which subjected him to termination of his employment, they did not constitute misconduct connected with his employment which would affect the denial of his right to the statutory benefits.
For the reasons assigned the judgment appealed from is annulled, reversed and set aside, and
IT IS NOW ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the claimant, J. S. Horns, and to effect such judgment
*785 IT IS FURTHER ORDERED that this case be and it is hereby remanded to the Board of Review, Division of Employment Security of the Department of Labor of the State of Louisiana, which agency is hereby ordered and directed to recognize claimant’s eligibility to unemployment compensation benefits under the provisions of the Louisiana Employment Security Law and to cause payment thereof to be made to claimant in accordance therewith.