139 So.2d 803 (1962)
Alex VANDIKE, Plaintiff-Appellant,
v.
Richard E. BROWN, Jr., Administrator, Defendant-Appellee.
No. 525.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1962.
C. O. Brown, Alexandria, for plaintiff-appellant.
Marion Weimer, Baton Rouge, for defendant-appellee.
Before TATE, SAVOY, and CULPEPPER, JJ.
TATE, Judge.
A decision of the Board of Review of the Division of Employment Security held the plaintiff to be disqualified for unemployment compensation because he had been discharged for misconduct connected with his employment, LSA-R.S. 23:1601 (2). Pursuant to his statutory right, LSA-R.S. 23:1634, the plaintiff filed suit in the district court of his domicile to obtain judicial review of this determination. The trial court upheld the administrative denial of benefits and dismissed the plaintiff's suit. He now appeals to this court.
*804 Judicial review of the administrative agency's determinations has been limited by the legislature as follows, LSA-R.S. 23:1634:
"* * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. * *"
The evidence taken at the agency hearing shows that the claimant was employed as a delivery man by the Couch Motor Lines, a public carrier. His duties included the collection of money for C.O.D. deliveries. He was discharged because he collected $238.66 on such a shipment and failed to turn in the money. The claimant denies that he stole the money and contends that it must have disappeared after he left it in a sealed envelope on the desk of his superior at the close of the day's work.
In the present proceedings, the opinion of the administrative agency correctly defined misconduct disqualifying an employee discharged because of it from unemployment benefits as limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employees, or in carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. See Johnson v. Brown, La.App. 3 Cir., 134 So.2d 388; Turner v. Brown, La.App. 3 Cir., 134 So.2d 384; Robinson v. Brown, La.App. 2 Cir., 129 So.2d 45; Jackson v. Administrator, La.App. 2 Cir., 128 So.2d 915, certiorari denied; In re United States Gypsum Company, La.App.Orl., 121 So.2d 362.
Based upon such standard, we think the administrative agency correctly determined that an employee's deliberate embezzlement of funds entrusted to his care in the course of his employment constitutes misconduct disqualifying a claimant for unemployment compensation.
The evidence shows that the employee collected the missing funds; that they were never received by the employer; that the employee had noted on the manifest that the goods were returned to the warehouse, instead of that they had been delivered to the customer and paid for by him; and that the way-bills which should have been turned in by the employee were missing, which would have disclosed either the non-delivery or the delivery of the shipment by the employee. (The shortage was not discovered until a month after the money was collected, when the shipper inquired as to why the shipment had not been accounted for.)
The claimant's attorney by a forceful argument urges that the evidence proves at most that the employee inadvertently noted on the manifest that the goods were returned to the employer's warehouse (instead of showing that they had been delivered and paid for), that the evidence is thus open to the construction that some other employee took advantage of this inadvertent mistake to take the money from the envelope after the employee had delivered in it the proceeds of his collections that day, and that it is extremely unlikely that the plaintiff, with thirteen years' tenure, would jeopardize his well-paid and responsible job by committing an embezzlement certain to be discovered.
However, there is sufficient evidence to support the finding by the administrative agency that the claimant had embezzled the funds of his employer and had then falsified and destroyed company records in order to conceal this defalcation. As stated, the courts must accept the factual determinations of the administrative *805 agency on judicial review when supported by sufficient evidence. When the evidence at the hearing is open to either construction, the courts must accept an administrative determination that the misconduct in question is deliberate and intentional, rather than the result merely of non-disqualifying heedlessness or carelessness. Batiste v. Brown, La.App. 3 Cir., 134 So.2d 381; In re United States Gypsum Company, above cited.
For the foregoing reasons, we affirm the trial court judgment upholding the administrative agency's denial of unemployment compensation benefits.
Affirmed.