HAMITER, Justice.
 

 The instant case is before us on a writ of certiorari or review to the Second Circuit
 
 *939
 
 Court of Appeal. Applications for the writ, submitted by the two defendants, were granted as a matter of right because of an admitted conflict between the decision of that court herein (La.App., 140 So.2d 781) and the previous holding of the Orleans (now Fourth) Circuit Court of Appeal in American Sugar Refining Company v. Taylor, La.App., 115 So.2d 898. See Louisiana Constitution Article VII, Section 11.
 

 The suit was instituted in the First Judicial District Court of Caddo Parish by J. S. Horns to obtain a judicial review of the rulings of. the Administrator of the Division of Employment Security of Louisiana’s Department of Labor (made a defendant herein) and of certain administrative agencies of that Division, all of which denied him unemployment compensation.
 

 ■ The district court rendered a judgment approving those rulings. ■ However, on an appeal, the Second Circuit Court of Appeal reversed that judgment and directed the above named agency “ * * * to recognize claimant’s eligibility to unemployment compensation benefits under the provisions of the Louisiana Employment Security Law and to cause payment thereof to be made to claimant in accordance therewith.” Wheréupon, our writ was issued.
 

 The question presented for our consideration is whether an employee is disqualified from receiving benefits under the provisions of the Louisiana Unemployment Compensation-Law (LRS 23:1471 et seq.) when he has been discharged from his last employment solely because of the issuance of several garnishments against his wages in violation of a company policy known to him. In this connection the Administrator and' Olin-Mathieson Chemical Corporation (the employer and also a defendant) contend' herein that plaintiff’s mere “permitting” of' garnishments in violation of the “company’s-rule” constituted misconduct connected with his employment within the meaning of LRS 23:1601(2) which provides : “An individual! shall be disqualified for benefits :
 

 >}: >|c
 
 % %
 
 j|i
 

 “(2) If the administrator finds that he has been discharged for misconduct connected with his employment. * * * ”
 

 From the testimony elicited before the Division’s Appeals Referee (on which the-judicial review was and is based) it appears, that plaintiff had been employed by Olin Mathieson Chemical Corporation for a period of some six years prior to his dismissal, during which time he performed his. duties satisfactorily and earned a maximum-, of $44 per week. He was the head of a. family consisting of his wife and seven children. It was the policy of his employer to suspend an employee when a garnishment issued against his wages and to terminate the employment if such was not immediately satisfied.
 

 In August and September, 1960 several' garnishments were issued against the wages, of this plaintiff. With the help of his
 
 *941
 
 -employer he obtained the release of at least ■one of them, but he was not so successful :as to two others. Consequently, on October 20, 1960 he was discharged, the only reason for the dismissal being the existence of the ■..unsatisfied garnishments.
 

 This is the first time that the aforestated •question has come before this court, although the matter of a proper construction •of the phrase “misconduct connected with the last employment” has been the subject -of inquiry in several cases in the Louisiana Courts of Appeal. See American Sugar Refining Company, supra, and In Re: U. S. Gypsum Company, La.App., 121 So.2d .362 (Orleans—now Fourth—Circuit) ; Burge v. Administrator, Division of Employment Security of the Department of Labor, La.App., 83 So.2d 532, Sewell v. Sharp, La.App., 102 So.2d 259, Jackson v. Administrator of Division of Employment Security of Department of Labor, La.App., 128 So.2d 915, certiorari denied (Second Circuit) ; and Batiste v. Brown, La.App., 134 So.2d 381, Johnson v. Brown, La.App., 134 So.2d 388 and Vandike v. Brown, La. App., 139 So.2d 803 (Third Circuit). In those cases the courts uniformly enunciated .the same interpretation as has been adopted by the tribunals of other jurisdictions having similar statutes. A concise statement ■of that interpretation is set forth in 48 American Jurisprudence, verbo Social Security, Unemployment Insurance, etc., Section 38, page 541, thusly: “Misconduct 'within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer. * * *
 
 »
 

 Obviously, the quoted interpretation is proper and correct, for in ordinary and usual parlance the word “misconduct” connotes an intentional or deliberate wrongful act or a wanton negligence or neglectful failure in performance that would be tantamount to the mentioned act. This being true, it follows that the mere “permitting” by an employee of certain acts in violation of company policy or rules which arise from, or as the result of, circumstances beyond the employee’s control do not constitute misconduct connected with the employment within the meaning of LRS 23 :- 1601(2).
 

 Therefore, in determining the instant controversy we must examine the evidence adduced and therefrom ascertain whether there was any act (or failure to perform)
 
 *943
 
 on this plaintiff’s part which might be held to be a deliberate, intentional, or wanton violation of the company’s policy relative to garnishment. And in making the determination we cannot apply the usual rules of evidence, particularly those regarding the burden of proof, in view of and because of the manner in which the facts in cases such as this are developed.
 

 In controversies of this nature the eliciting óf testimony is under the direction of and is governed by regulations prescribed by the Division’s Board of Review, “whether or not such regulations conform to the usual rules of evidence and other technical rules of procedure” (LRS 23 :- 1631). And even when there is a judicial review no additional evidence can be received by the court; however, it may order other evidence to be taken before the board (LRS 23:1634).
 

 In the present case the employee and the employer (the latter through its personnel manager and its timekeeper) appeared be■fore an'appeals referee appointed by the Board of Review. Neither was represented by counsel. In fact, in a notice of the hearing sent to the plaintiff he was informed: “It is not necessary, but you may bring a representative with you if you wish.” There was no examination or cross-examination by the parties at interest. Rather, all of the testimony was obtained through questions propounded to plaintiff and the company representatives by the referee, this according to what the latter deemed important. Accordingly, it must be said that neither the employee nor the employer can. be held responsible for the introduction of’ any particular evidence.
 

 As we have heretofore stated, the record' shows that plaintiff earned no more thanu $44 per week and on these wages he tried to support a family of nine (including himself). Regarding the obligations out of which the garnishments arose plaintiff testified : “ * * * I just didn’t have the-money. I got a wife and seven children.. I didn’t have the money to keep up them bills and support my family.”
 

 The quoted testimony of plaintiff,, we think, amounts to an understatement.. Taking judicial cognizance of the present cost of living we find it difficult to conceive-that a person can support a family of nine-on $44 per week without incurring debts,, much less doing so and paying off past obligations. Besides, there is nothing whatever in the record to indicate or even suggest that the garnishments in question resulted from a purposeful or unreasonable-refusal of plaintiff to pay his obligations. Consequently, we cannot conclude that there was a deliberate or wanton disregard' by this plaintiff of his employer’s interest.
 

 We do not mean to say that in no-instance can the actions (or inactions) of an employee which result in repeated garnishments, thereby causing inconvenience-
 
 *945
 
 .and expense to his employer, constitute mis•conduct; for there might be some courses of conduct by an employee respecting his ■debts that would. Our holding herein is •merely that the record before us does not •.reflect that plaintiff was guilty of “miscon■duct” as was and is intended by the above cited statute to deprive him of his unemployment benefits.
 

 For the reasons assigned the judgment of the Court of Appeal, is affirmed.