154 So.2d 224 (1963)
Joseph GATLIN, Plaintiff-Appellant,
v.
Richard E. BROWN, Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, et al., Defendants-Appellees.
No. 9945.
Court of Appeal of Louisiana, Second Circuit.
May 21, 1963.
Rehearing Denied June 20, 1963.
*225 R Clyde Lawton, Jr., Isaac F. Hawkins, Jr., Shreveport, for appellant.
Marion Weimer, Melvin L. Bellar, James A. Piper, Baton Rouge, for Richard E. Brown, Admr.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, for Bird & Son, Inc.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
Claimant, by this action, sought a judicial review of an administrative agency's determination that he was disqualified to receive unemployment compensation and an order canceling his wages as a basis for future payments of benefits under the Louisiana Employment Security Law. From an adverse judgment, claimant has appealed.
The defendant Administrator joined with the claimant on this appeal and submitted that the charges of misconduct directed to claimant were not established; that the ruling of the Board of Review was, accordingly, erroneous as is the judgment approving the same.
The basis of claimant's disqualification was alleged misconduct connected with his employment, insubordination, damaging of the employer's property, and endangering the safety of a foreman. Claimant and the foreman were the only witnesses to testify.
The record discloses that claimant's employment with Bird & Son, Inc., a roofing manufacturer, over a period of nearly 12 years, had been generally satisfactory.
Relative to the charges of misconduct, the testimony of the two witnesses is, as to the crucial facts, contradictory. The foreman, however, was not claimant's foreman. This witness testified that claimant would not assist in rethreading a machine when a sheet of roofing broke; that, when he sought claimant's explanation for his failure to heed his request, claimant replied that no assistance was needed, whereupon he began moving the machine as the foreman walked beside it; that claimant turned the machine into the foreman, running over his boot and bruising one of his toes; moreover, that claimant turned the machine in circles, running over rolls of roofing which had fallen from the machine and scattered over the floor; and, finally, that he jumped upon the side of the machine commanding, with a drawn fist, that claimant stop the machine. The machine was a forked-lift tractor, operated by claimant in transporting roofing and other materials inside the building or to loading platforms.
Claimant's testimony is to the effect that, at the time the sheet of roofing broke, he was engaged in his own work, but was about to stop and assist in rethreading the machine when he saw the task had been accomplished; that subsequently the foreman approached him, using violent and profane language, and threatened to strike him; whereupon, in an effort to avoid the foreman's wrath and to avoid being struck, he maneuvered the machine as he did. The employee's efforts were directed toward an avoidance of an assault and battery.
There is no proof of any substantial damage to the employer's property; nor is there any proof of the alleged insubordination.
Within the meaning of the unemployment compensation act, excluding from its benefits an employee discharged for misconduct, such misbehavior must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. 48 Am.Jur., p. 541, verbo "Social Security, Unemployment Insurance, and Retirement Funds," § 38; Horns v. Brown, 243 La. 936, 148 So.2d 607.
*226 In the cited case, the court stated that in the usual parlance the word "misconduct" connotes an intentional or deliberate wrongful act, or wanton negligence, or a neglectful failure in performance that would be tantamount to an intentional act. Burge v. Administrator, Etc., La.App.2d Cir., 1955, 83 So.2d 532; Sewell v. Sharp, La.App.2d Cir., 1958, 102 So.2d 259.
Where an employer charges a claimant with such misconduct as would bring about his disqualification from the benefits of the statute, it is incumbent upon the employer to sustain the charge by a reasonable preponderance of the evidence. King v. Brown, La.App.2d Cir., 1959, 115 So.2d 405; Lee v. Brown, La.App.3d Cir., 1962, 148 So.2d 321; 81 C.J.S. verbo Social Security and Public Welfare § 219, p. 316.
Applying the test of misconduct to the facts and circumstances of this case, as hereinabove related, and the rule as to the burden of proof, the testimony of the two witnesses being contradictory, it could not be held that the record establishes claimant was discharged for such misconduct as would disqualify him from the receipt of unemployment compensation. The conclusion is therefore inescapable that the employer has not sustained the burden of proof imposed upon it.
Moreover, it may be pointed out that, while plaintiff was charged with aggravated misconduct connected with his workinsubordination, damaging company property, and the endangering of a foreman's safety in the operation of a motor vehiclethe company representative testified that claimant was discharged for the violation of Paragraphs 1, 3, and 10, § A, Article 23 of an agreement between the employer and a local of a labor union. A copy of the contract referred to is not contained in the recordthere is no showing as to what acts claimant may have committed; hence, it is not established that a violation of that contract would constitute misconduct connected with claimant's employment. Such ground, not having been included within the charge but only referred to in the testimony, is untenable and cannot be considered as a basis for claimant's disqualification. King v. Brown, supra.
Neither do we find any basis for the cancellation, or disallowance, of claimant's wages as a basis for the payment of unemployment compensation.
Accordingly, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed that this cause be, and it is hereby, remanded to the Board of Review, with instructions that an order issue directing the payment to claimant of the unemployment compensation benefits to which he is entitled under the Louisiana Employment Security Law; and it is so ordered.
Reversed, rendered, and remanded.