HERGET, Judge.
The Louisiana Board of Review disqualified Emmet Lee Neely for receipt of unemployment compensation benefits on the basis that Neely, while employed by Bagby’s Texaco Filling Station, was guilty of behavior connected with his employment, which, under the provisions of LSA-R.S. 23:1601(2), constituted misconduct.
From a judgment of the Nineteenth Judicial District Court affirming the ruling of the Board, the Administrator of the Division of Employment Security and Neely jointly appealed.
LSA-R.S. 23:1601(2) provides:
“§ 1601. Disqualification for benefits
“An individual shall not be eligible for benefits:
“(1) * * *
“(2) For the week in which he has been temporarily suspended or discharged for misconduct connected with his work, if so found by the administrator, and for not more than the six weeks which immediately follow such week, as determined by the administrator in each case according to the seriousness of the misconduct.”
The record reflects Neely was employed as a service station attendant prior to the acquisition of the station by Mr. Bagby and' that Neely remained in his employment for a period of three months following Bagby’s. purchase of the station; that on one occasion Mr. Bagby cautioned Neely to refrain from using profanity in the presence of a customer when an automobile on which he was working did not function properly; that Neely became annoyed when a customer insisted on watching and instructing him how to lubricate a job, and finally Neely refused to complete the job; that Neely on pne occasion slammed a door of a car and in doing so damaged a wire to an air conditioning unit therein. However,, these acts took place long prior to the discharge of Neely. His discharge was occasioned by his failure to pay a bill to a dentist with whom his employer had made-arrangement for Neely to visit. Though we commend Mr. Bagby for his interest in his employee in arranging for his dental visits,, in our opinion the refusal of the employee to pay a dental bill, the propriety of which he questioned, is not an act which comes within the purview of misconduct as defined by the statute, the pertinent portions of which we have quoted supra.
*416 The Board of Review in its decision found:
“The evidence, in the instant case, shows that the claimant was employed with the above employer as a service station attendant at $60 per week. He was discharged by his employer after slamming the hood of a customer’s car down and using profane language. In addition to this, the employer reported that he had damaged an air conditioning unit.
“After carefully reviewing the entire evidence, in connection with this appeal, the Board finds that the claimant’s unemployment was brought about by his own actions after an accumulation of things which led to his discharge. The evidence clearly establishes that he was guilty of ‘misconduct’ connected with the employment within the meaning of the Act.”
 We are cognizant under the decision of Vandike v. Brown, La.App., 139 So.2d 803, the Court is restricted in its review of the Board’s decision as to the applicability of the law to the case rather than to the sufficiency of the factual evidence. The issue involved here is not the right of the employer to discharge the employee for any reason. It involves the determination of whether such discharge was for misconduct, in consequence of which the employee is denied the right to unemployment compensation benefits. In our opinion the record does not reveal Neely was discharged for the reasons given by the Board but the evidence clearly shows his discharge resulted from his failure to pay the dental bill. This, in our opinion, does not come within the meaning of “misconduct” precluding the right of the employee to the benefits.
In Horns v. Brown, 243 La. 936, 148 So. 2d 607, in construing the meaning of “misconduct”, the Supreme Court said:
“This is the first time that the afore-stated question has come before this court, although the matter of a proper construction of the phrase ‘misconduct connected with the last employment’ has been the subject of inquiry in several cases in the Louisiana Courts of Appeal. See (cited cases omitted). In those cases the courts uniformly enunciated the same interpretation as has been adopted by the tribunals of other jurisdictions having similar statutes. A concise statement of that interpretation is set forth in 48 American Jurisprudence, verbo Social Security, Unemployment Insurance, etc., Section 38, page 541, thusly: ‘Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer. * * * ’ ”
The claimant in the Horns case was discharged because the employer was apprised of the fact the employee’s wages were to be garnisheed. The Court determined such circumstance was insufficient to support a conclusion this conduct was of a nature same could be categorized a disregard of the employer’s interests, or “misconduct”. We believe the two cases to be factually similar; accordingly, the law applicable thereto is the same.
For these reasons the judgment appealed from is reversed, and judgment is rendered in favor of Emmet Lee Neely against the Administrator, Division of Employment Security, and Bagby’s Texaco for such unemployment compensation benefits as he is entitled to.
Reversed and rendered.