HARDY, Judge.
This action was instituted by plaintiff seeking a judicial review of an adverse ruling by defendant administrative agency on his claim for unemployment compensation. From judgment affirming the action of the Board of Review of the Division of Employment Security rejecting plaintiff’s claims he has appealed.
The usual questions of law are presented by this appeal, that is, whether the findings of fact by the defendant agency are supported by sufficient legal and competent evidence to justify as a matter of law the conclusion. rej ecting plaintiff’s demands.
Review of the administrative record discloses the fact that plaintiff was discharged by his employer for alleged misconduct in connection with his work, which was particularly specified by the following charges:
“Threatened another employee with knife (on the job)
“Failure to do appointed job without grumbling and back talk.”
*653 The finding of the Appeals Referee which was affirmed by the Board of Review eliminated the first charge on the ground of failure of proof. However, it was concluded that the hearings disclosed sufficient evidence to substantiate a finding of misconduct. For the sake of certainty of detail we set forth the finding of the Appeals Referee which was approved and affirmed by the Board of Review, as follows:
“There is sufficient evidence to substantiate the findings of the Agency. The claimant did start an argument with another employee; although there is no proof that he threatened him with a knife. His bursting into his supervisor’s office, while she was talking to a customer, was uncalled for. There were other incidents when he refused to follow his supervisor’s instructions, and was warned. It is held that his discharge was for misconduct connected with the work.”
Our review of the record convinces us that the evidence fails to support the specific charges which were set forth as the basis for plaintiff’s discharge. The term “misconduct” has often been defined by our courts. Inter alia, we note Sewell v. Sharp (2nd Cir., 1958), La.App., 102 So.2d 259; Turner v. Brown (3rd Cir., 1961), La. App., 134 So.2d 384; Smith v. Brown (2nd Cir., 1962), La.App., 147 So.2d 452, and numerous cases cited therein.
In the instant case it could reasonably be concluded, upon the basis of the record, that the plaintiff employee had been guilty of misconduct at various times during the course of his employment. But these instances were not responsive nor even related to the specific charges which were asserted as grounds for termination of plaintiff’s employment. It is the burden of the employer to sustain the charges made by a reasonable preponderance of the evidence; Gatlin v. Brown (2nd Cir., 1963), 154 So.2d 224.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
It is now ordered, adjudged and decreed that this case is remanded to the Board of Review, Division of Employment Security of the Department of Labor of the State of Louisiana, which agency is ordered and directed to recognize claimant’s eligibility to unemployment compensation benefits under the provisions of the Louisiana Employment Security Law and cause payment to be made in accordance therewith.