198 So.2d 469 (1967)
Earlie JACKSON, Plaintiff-Appellant,
v.
F. C. DOYAL, Jr., Administrator of the Dept. of Labor, State of Louisiana, and North Caddo Building Supply, Defendants-Appellees.
No. 10791.
Court of Appeal of Louisiana, Second Circuit.
April 19, 1967.
*470 Ike F. Hawkins, Jr., Shreveport, for appellant.
Melvin L. Bellar, James A Piper and Marion Weimer, Baton Rouge, for appellees.
Before HARDY, GLADNEY and BOLIN, JJ.
GLADNEY, Judge.
Earlie Jackson, an employee of North Caddo Builders Supply, brought this action under the Louisiana Employment Security Law to obtain a judicial review of a ruling by the Board of Review, an agency of the Division of Employment Security, which denied his claim for unemployment compensation. The sole issue presented on this appeal is whether there is sufficient evidence to support the finding of the Board of Review that Jackson was discharged for misconduct connected with his employment. From the judgment upholding the action of the agency, the employee has appealed to this court.
The disallowance of unemployment compensation benefits to the employee is predicated on the latter's deliberate violation of reasonable employment instructions in connection with his work. The holding of the Board of Review discloses:
"In the opinion of the Board, the general manager has the authority to give and institute instructions to his employees, see that the orders are carried out and obeyed. The claimant in question was given instructions not to load his truck by this traxcavator and not to cook with fire that is gas, wood, or otherwise, which would cause a flame due to the fire hazard and the insurance involved. This employee disobeyed both orders. This is willful misconduct. It is the opinion of this Board that the claimant did willfully and maliciously disobey orders showing further that he did not have the employer's interest at heart."
Counsel for appellant contends the decision is not supported by sufficient proof and that the record does not reflect misconduct connected with the employment of such a nature as to deprive the employee of entitlement to benefits under the statute. In brief before this court the attorney for the Board of Review, with meritorious frankness, concedes the record does not present any direct evidence to show that the employee was warned against cooking or heating food on the premises and that the evidence as to claimant's violation of this instruction was purely hearsay. Examination of the record requires our holding there is not sufficient evidence to sustain the charge of misconduct with respect to this particular charge. Its removal from our consideration leaves for resolution the question as to whether the evidence tendered in support of the remaining charge is sufficient to constitute misconduct within the meaning of the statute. Upon this latter question the following testimony was adduced:
Jackson testified:
"Well, I never did hear him, I told him, I said, it won't take over three scoops full, and he said, oh, it won't take that many. And I said, no, sir, it sure won't. And that's all that Iyou know, I didn't hear him said nothing else. Well, I went right on around there then and asked him would he have time, and he told me he would be glad to load it."
*471 Grover C. Adkins testified:
"* * *he said it would not take but two or three scoops. I said, it wouldn't take that many. And he said, what if I get him. I said, no, we are paying that man $18 an hour, you leave him alone, and go get your shovel and load it like they always do. So, when I went on in the yard. When I came back, he was over there loading, and I went over there to find out who did it. He kinda grinned and said, I did. I said, who told you to. Did I tell you to? He said, no, sir, you didn't tell me to, but I thought he was in a hurry. * * *"
The Louisiana Employment Security Law, LSA-R.S. 23:1634, expressly provides that:
"* * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. * * *"
Further, Section 1601 pertinently reads:
"An individual shall be disqualified for benefits:
* * * * * *
"(2) If the administrator finds that he has been discharged for misconduct connected with his employment. * * *"
Misconduct connected with employment as used in LSA-R.S. 23:1601, (2) has been repeatedly defined by the courts. The Supreme Court of this state in Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963) quoted with approval the reference to the phrase "misconduct connected with the employment" as set forth in 48 Am.Jur. Social Security, § 38, p. 541:
"Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. * * *"
The court then observed:
"Obviously, the quoted interpretation is proper and correct, for an ordinary and usual parlance the word `misconduct' connotes an intentional or deliberate wrongful act or a wanton negligence or neglectful failure in performance that would be tantamount to the mentioned act. This being true, it follows that the mere `permitting' by an employee of certain acts in violation of company policy or rules which arise from, or as the result of, circumstances beyond the employee's control do not constitute misconduct connected with the employment within the meaning of LRS 23:1601(2)." [148 So.2d 607, 609]
The following appropriate comment appears in 81 C.J.S. Social Security and Public Welfare § 162, pp. 245-247:
"In determining what constitutes willful misconduct the standard to be applied is that of the employment contract, express or implied, which fixes the worker's duties in connection with his work. Willful misconduct depriving an employee of unemployment compensation is improper or wrong conduct which is intentional, that is, such as is done purposely with knowledge; or it may consist of an act which shows a wanton or willful disregard of the employer's interests. Deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee constitutes misconduct. As *472 has been stated, willfulness exists where the injury to the employer, although realized, is so recklessly disregarded that, even though there is no actual intent, there is at least a willingness to inflict harm, or a conscious indifference to the perpetration of the wrong; in such case a constructive intention is imputable to the employee.
"Misconduct which will deprive an employee of unemployment compensation requires more than mere inefficiency or unsatisfactory conduct, or a failure in good performance as the result of inability or incapacity, or errors in judgment or discretion committed in good faith. Such misconduct is not shown by a single dereliction or minor and casual acts of negligence or carelessness, or by inadvertencies or ordinary negligence in isolated instances. * * *" [81 C.J.S. § 162, pp. 245-247]
In the instant case the misconduct of the employee in question is the violation of instructions by his employer. The general rule is that an employee's deliberate violation of a reasonable rule in connection with his work is sufficient to constitute willful misconduct which will result in a loss of unemployment benefits where he is discharged for such violation. 81 C.J.S. Social Security and Public Welfare § 163.
Counsel for claimant earnestly asserts that a single incidence of disobedience of instructions or regulation of the employer is insufficient to constitute misconduct connected with the employment. This postulation was discussed in Burge v. Administrator, Division of Employment Security, La. App., 83 So.2d 532 (2nd Cir. 1955) in which case a single disobedience of a rule was held sufficient to constitute misconduct.
Having in mind the legal principles above set forth, the issue presented in the instant case is whether the employee's deliberate violation of his instructions constitutes misconduct within the intent and meaning of the statute. The finding of the Board of Review was that the employee deliberately disobeyed instructions which affected his employer's business. The instruction violated, we think, was of importance in the conduct of his employer's business and such disobedience constituted not only a justifiable cause for the discharge of the employee but misconduct sufficient to deprive the employee of entitlement to benefits under the statute.
We do not accept the theory, as advanced by counsel, that misconduct as contemplated in the statute should be determined upon a basis of more than one violation of a rule or instruction. The interpretation, we think, should be determined by the nature of the violation with due consideration of the factors which enter into the proper conduct of the employer's work and business. We hold that Jackson's conduct, as held by the Board of Review, constituted an intentional and deliberately wrongful act which affected the business of his employer to a reasonable extent, and, therefore, was misconduct which justified the denial of statutory benefits.
Therefore, it is our conclusion that the decision of the Board of Review, as affirmed by the trial court, was correct, and it is affirmed.