MORIAL, Judge
(dissenting).
The “Separation Notice Alleging Disqualification” of the plaintiff states:
“* * * 4- REASON FOR SEPARATION. State fully and clearly. Threatened the life of an employee during working hours. * * * ”
During the hearing before the Appeals Referee the employer submitted in evidence a litany of alleged prior incidents having no bearing on the specific charge set forth in the “Separation Notice Alleging Disqualification.” The Board of Review affirmed the Appeals Referee’s finding of “misconduct” based on the stated reason for separation and the employer’s testimony of earlier incidents none of which were set forth in the disqualification notice.
On the basis of the record I can reasonably conclude that the plaintiff was guilty of misconduct at various times during the course of his employment. However, the prior incidents are not responsive nor re *140 lated to the specific charge asserted by plaintiff’s employer as the reason for disqualification. Phillips v. Doyal, 190 So.2d 652 (La.App. 2 Cir. 1966). Plaintiffs disqualification cannot be based upon grounds not included within the reasons for separation but only referred to in the testimony before the Appeals Referee. King v. Brown, 115 So.2d 405 (La.App. 2 Cir. 1959); Gatlin v. Brown, 154 So.2d 224 (La.App. 2 Cir. 1963).
The evidence relating to the charge is insufficient to support the affirmation of the decision of the Appeals Referee by the Board of Review. Our jurisprudence holds that a single hot-headed incident is not the type of premeditated and improper conduct which constitutes, within the meaning of the statute, the serious cause sufficient to deny unemployment compensation benefits to an employee. Beaird-Poulan, Inc. v. Brady, 154 So.2d 589 (La.App. 3 Cir. 1963); Campbell v. Doyal, 190 So.2d 661 (La.App. 2 Cir. 1966).
For the foregoing reasons, I respectfully dissent.