AYRES, Judge.
These consolidated cases are before this court on appeals by plaintiff-employer from decisions of the district court affirming rulings of the Board of Review of the defendant agency that two of plaintiff’s employees, Eddie Powell and Abe Payne, Jr., were, following a discharge from their employment, entitled to unemployment benefits. The employer contends the employees’ discharges were justified on a basis of misconduct consisting of insubordination to a superior.
The records show that on Saturday, June 10, 1972, plaintiff’s employees were required to work until their tasks for the day had been completed. Each of the claimants had worked for this employer approximately two-and-a-half years in filling orders and loading merchandise for their employer’s customers.
The findings of fact by the Appeals Referee were similar in the case of each of these claimants. In his report, the referee noted these findings:
“The claimant along with four other persons clocked out at twelve noon for lunch and were gone until 12:50 p. m. Before they could return to their job station, the assistant director of the warehouse met them and told them to go home and return Monday. The claimant asked why as other employees were working. The warehouse director became angry and words were passed between them which caused an argument and loud talking. When he [the employee] reported for work Monday, he was told to go to the assistant director’s office immediately with his supervisor. He was then told he was getting a three day suspension for his action Saturday, June 10, 1972. Again there was an argument and loud talking by both parties who were angry. The claimant was then discharged by the assistant director of warehouse.”
In his opinion, the referee appropriately observed:
“R.S. 23:1601(2) provides that a claimant shall be disqualified when discharged for misconduct connected with the employment. Such disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and must then have been separated under non-disqualifying circumstances.
“Misconduct has been defined by the Courts as: ‘Conduct evincing such wilful or wanton disregard of an employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employees, or in carelessness or negligence of such degree or reoccur-rence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer’s interest or the employee’s duty and obligation to his employer.’
“The claimant’s dismissal may have been justified from a management point of view, but there is insufficient evidence of misconduct on his part to disqualify him from the receipt of Unemployment Insurance benefits. His reaction under such circumstances was not insubordination. He was only seeking his rights. Both parties were guilty of loud abusive language during their discussions. The announcement made June 10, 1972 about the noon break was optional. Therefore, he chose to take off and secure his meal away from the plant. This made the assistant director angry and he unjustly reprimanded him. Therefore, it is held that his separation was under non-disqualifying circumstances.
*496 “IT IS ORDERED That the Agency determination disqualifying the claimant effective June 10, 1972, be reversed and removed.”
The Board of Review, upon appeals taken by the employer from decisions of the Appeals Referee, affirmed and adopted as its own the decisions of the referee. On appeal to the district court, the decisions of the Board of Review were affirmed and the appeals to this court followed.
The facts in these two cases are substantially the same. A difference is that in the case with reference to Powell the referee did not find disqualifying misconduct; whereas, in the case concerning Payne, the referee did find disqualifying misconduct on the basis of insubordination, but, as noted, neither the Board of Review nor the district court, on judicial review, found disqualifying misconduct in either case.
The pertinent section of the Louisiana employment security law is LSA-R.S. 23:1601(2), which, so far as it is applicable, provides:
“An individual shall be disqualified for benefits:
4c ifc # 4* 4* if*
“(2) If the administrator finds that he has been discharged for misconduct connected with his employment.”
“Disqualifying misconduct” has been defined by this court in Horns v. Brown, 140 So.2d 781, 783 (La.App., 2d Cir., 1962), and by the Supreme Court in the same case (243 La. 936, 148 So.2d 607, 609 [1963]). For this court, the late Judge Hardy stated:
“Adverting to the definition of the term, ‘misconduct’ within the meaning of the statute, this court has declared that it must be an act of ‘wanton or willful disregard of the employer’s interest, a deliberate violation of the employer’s rules, and a disregard of standards of behavior which the employer has a right to expect of his employees’; ...”
For the Supreme Court, Justice Hamiter, quoting from 48 American Jurisprudence, verbo “Social Security,” “Unemployment Insurance, etc.,” Section 38, page 541, defined the word “misconduct” as follows:
“ ‘Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to. manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer. * * * ’ ”
In cases of this kind, where an employer resists the payment of unemployment security to a former employee on the basis that the employee was guilty of disqualifying misconduct, it was stated in Gardere v. Brown, 170 So.2d 758, 764 (La.App., 1st Cir., 1964):
“Under the established jurisprudence it was clearly and unmistakably the duty, burden and obligation of the employer to establish claimant’s discharge for misconduct connected with his employment. Gatlin v. Brown, La.App., 154 So.2d 224; Fruchtzweig v. Southern Specialty Sales Company, La.App., 149 So.2d 623.”
Moreover, this court, in Jackson v. Administrator of Division of Employment Security, 128 So.2d 915, 917 (La.App., 2d Cir., 1961 — cert. denied), after observing that the Louisiana Employment Security Act comes within a class of social and economic legislation remedial in its nature, held that the statute should be so interpreted by the courts as to extend its benefits so far as possible within the bounds imposed by expressed legislative restrictions, and that the term “misconduct” should be *497 construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision by excluding cases not clearly intended to be within the exception. See, also, Sewell v. Sharp, 102 So.2d 259 (La.App., 2d Cir., 1958).
The findings and conclusions of the Board of Review are, in our opinion, supported by adequate evidence contained in the record and are, therefore, conclusive. LSA-R.S. 23:1634. Although the evidence produced at a hearing before an administrative agency may be open to various constructions, a reviewing court must accept the findings of the agency. Barber v. Lake Charles Pipe and Supply Company, 148 So.2d 326, 329 (La.App., 3d Cir., 1962); Wilson v. Brown, 147 So.2d 27, 29 (La.App., 2d Cir., 1962).
As stated in 81 C.J.S. “Social Security and Public Welfare” § 232c, pp. 341-344:
“Thus, it is not a function of the court to weigh the evidence, resolve conflicts in the testimony, determine the credibility of the witnesses, or to decide what inferences are to be drawn from the evidence. The court may not revaluate the evidence or substitute its own judgment on the facts for that of the administrative agency, and it has been held that the court does not have jurisdiction to consider whether there was evidence on which the agency could have reached a contrary result, or whether, on the preponderance of the evidence, the agency should have done so.
“As a general rule, administrative findings of fact in a proceeding to obtain unemployment compensation are conclusive and may not be reviewed or set aside by the court in the absence of fraud, where they are supported by evidence, which is substantial, competent, and this as has been held by reliable authorities dealing with the subject, is true also in respect of evidence which is credible, or convincing, even though an independent consideration of the facts by the court would result in different findings, or although the record contains other competent evidence, which, if accepted, would justify different findings.
“A similar statement of the rule is that administrative determinations of fact are conclusive unless wholly without evidential support, or wholly dependent on a question of law, or clearly arbitrary or capricious. Administrative findings of fact are conclusive and will not be set aside where the facts are in dispute or where reasonable minds may differ as to the inferences and conclusions to be drawn from the established facts. Thus, a finding of fact will not be disturbed where there is evidence reasonably tending to sustain such finding or where there is evidence from which an inference of the fact found could be fairly drawn.”
As pointed out in Barber v. Lake Charles Pipe and Supply Company, supra:
“The question before the court on judicial review of an administrative determination that an employee is or is not entitled to unemployment compensation benefits, is not what finding the court might think is justified by what the court feels to be the preponderance of the evidence. For, as noted in our original opinion, the legislature has provided that the findings of fact by the board are conclusive on the courts ‘if supported by sufficient evidence’, LSA-R.S. 23:1634.”
We conclude, therefore, that the judgments of the trial court in these consolidated cases, predicated on the facts established in the record and as found by the Board of Review, are correct, and on that basis they are affirmed.
Affirmed.