353 So.2d 363 (1977)
Michael B. DORSEY, Plaintiff-Appellant,
v.
ADMINISTRATOR, LOUISIANA DEPARTMENT OF EMPLOYMENT SECURITY and Sears, Roebuck & Company, Defendants-Appellees.
No. 11657.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Rehearing Denied December 28, 1977.
Writ Refused March 3, 1978.
*365 Michael B. Dorsey, in pro per.
James A. McGraw, Baton Rouge, of counsel for defendant-appellee Louisiana Department of Employment Security.
Clifton O. Bingham, Jr., Jimmie R. Major, Major & Bingham, Baton Rouge, of counsel for defendant-appellee Sears, Roebuck and Co.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
Plaintiff brought this action for judicial review of a decision of the Board of Review of the Louisiana Department of Employment Security that he was ineligible for unemployment compensation. The trial court upheld the decision of the Board. Judicial review in questions such as this is limited to questions of law unless the evidence is insufficient to support the findings of fact of the administrative agency or the evidence shows that a fraud has been perpetrated. R.S. 23:1634.
An employee is disqualified from benefits if he is discharged for "misconduct connected with his employment." R.S. 23:1601(2). This means that the reason for discharge must be either
". . . an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior which the employer has a right to expect of his employee; or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." Atkins v. Doyal, 274 So.2d 438, 440 (La.App. 1st Cir. 1973).
In the instant case plaintiff's employer, Sears, Roebuck & Company, alleged that plaintiff was "Released for insubordination, refusal to respond to reasonable instructions of store manager." Either of these reasons is sufficient grounds to deny unemployment benefits. Rankin v. Doyal, 223 So.2d 214 (La.App. 2d Cir. 1969).
Dorsey, who was working as a furniture salesman for Sears, was asked by his department manager to get his coat and put it on. He refused to do so. This refusal was reported to the furniture department supervisor and the personnel manager. The claimant was then requested to report to the office of the personnel manager. He refused, stating he was waiting on a customer. Later the personnel manager went to the furniture department where he found that the claimant was not waiting on customers but rather was standing around. The claimant was then told to report to the store manager's office, but he refused. Shortly thereafter Dorsey did report to the store manager's office but he refused to enter and discuss the matter without a lawyer. He likewise would not tell the manager a time when he could return with his lawyer. Dorsey then left the store, it being closing time. During this series of events the claimant was very discourteous and abusive to his superiors.
The next day Dorsey went to the manager's office upon reporting to work. However, he again refused to enter and discuss the matter without an attorney. The manager attempted to discuss the situation with him but he turned and walked away. The store manager followed him and asked him to stop and return to the office. When he refused, he was informed that his employment was terminated.
These facts as found by the Referee and adopted by the Board of Review are *366 supported by sufficient evidence in the record. We must accept them.
We believe that the Referee was likewise correct in holding that these facts show refusal to follow reasonable instructions and insubordination sufficient to support denial of benefits. Jackson v. Doyal, 198 So.2d 469 (La.App. 2d Cir. 1967). It has been stated that "a single hotheaded incident cannot be considered the type of premeditated and seriously improper conduct * * * sufficient to deny unemployment compensation benefits." Johnson v. Brown, 134 So.2d 388 (La.App. 3rd Cir. 1961). We believe the better rule to be that even a single violation can sustain a denial of benefits. One must look to "the nature of the violation with due consideration of the factors which enter into the proper conduct of the employer's work and business." Jackson v. Doyal, 198 So.2d 469, 472 (La.App. 2d Cir. 1967). We find that the violations here, which included insubordination on the sales floor in the sight of customers, was sufficiently serious. In any event, claimant's actions, which extended over two days, were more than "a single hotheaded incident."
The claimant also makes allegations that the reasons for his discharge were not his failure to wear a coat and his insubordination. He avers that these were only excuses; the real reasons were that he had given information to the Attorney General's office on bait and switch schemes of Sears and that personal animosity with racial overtones existed between him and other staff members. It is, of course, true that the employer has the burden of proving misconduct by a preponderance of the evidence. Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir. 1964). Here, however, Sears has sufficiently shown that its reasons for the dismissal were as alleged. Claimant's self-serving statements as to the causes surrounding his dismissal were not sufficient to outweigh the consistent testimony of Sears' employees in the mind of the Referee. His findings that the other employees were being truthful and the Board's affirmance of his findings are certainly adequately supported by the evidence.
In his brief, claimant also asserts that he was deceived by the department into not securing the assistance of an attorney for the Referee's hearing. But the record shows clearly that the claimant was informed that although he was not required to be represented by an attorney, he could be so represented if he wished. We do not understand how such a statement can be classified as deceptive.
Charges were also made that the hearings were conducted unfairly and that the Referee had private talks with Sears' attorney. A careful review of the transcript of the hearing convinces us that it was conducted fairly. Private talks with the Referee are certainly prohibited. R.S. 49:960 A. But even if they did occur there is no allegation that a fraud had been perpetrated or even that the talk influenced the Referee. In such a situation the trial court was correct in affirming the decision of the Board of Review.
The judgment is affirmed at appellant's costs.
AFFIRMED.