154 So.2d 589 (1963)
BEAIRD-POULAN, INC., Plaintiff-Appellant,
v.
Henry D. BRADY and Richard E. Brown, Administrator, etc., Defendants-Appellees.
No. 862.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1963.
Goode & Dietz, by Albert L. Dietz, Jr., Shreveport, for plaintiff-appellant.
Marion Weimer, Baton Rouge, for defendant-appellee.
Henry D. Brady, in pro. per.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
Beaird-Poulan, Inc., an employer, files suit for judicial review, LSA-R.S. 23:1634, of an administrative determination that Henry Brady, a claimant employee, was entitled to receive unemployment compensation benefits. The plaintiff employer appeals from the trial court judgment in favor of the claimant and of the agency, affirming such administrative determination.
The issue is whether the employee's refusal to obey his foreman's order constituted, under the circumstances of the refusal, "misconduct" within the meaning of the unemployment compensation statute so as to disqualify the claimant from statutory benefits. LSA-R.S. 23:1601(2).
*590 The undisputed facts show the following:
Brady had worked for the plaintiff employer for a year and a half. A co-employee had many times pushed molds off a conveyor belt. The co-employee was repeatedly asked by the claimant and other employees, as well as by the foreman, to pick up the molds which he himself had dropped on the floor.
The incident of the claimant's discharge arose when the co-employee again deliberately pushed the mold off the conveyor. The foreman saw him do so and spoke to him about it. The foreman then asked the claimant to pick up the mold which the co-employee had pushed on the floor. The claimant was not, tired, and angry after a hard evening's work; he refused the foreman's request, since it was the co-employee's duty to clean up his own mess.
Under these circumstances, the agency's board of review found that the claimant was not guilty of disqualifying "misconduct in refusing to constantly pick up molds that are knocked down by another employee. The claimant had picked up these molds on many previous occasions at the expense of doing his own job properly." (Quoted from decision of Board.)
We find no error in this determination by the agency.
As recently stated by our Supreme Court in Horns v. Brown, 243 La. 936, 148 So.2d 607, 609:
"`Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. * *'"
As we ourselves recently noted in Johnson v. Brown, La.App. 3 Cir., 134 So. 2d 388, 389, "a single hotheaded incident cannot be considered the type of premeditated and seriously improper conduct which constitutes, within the meaning of the statute, the serious cause sufficient to deny unemployment compensation benefits to an employee. An employer has, of course, the legal right to discharge an employee without cause or for any cause; but such employee ordinarily is upon application entitled to unemployment compensation benefits when his terminated employment is covered by the Louisiana Unemployment Compensation Law. LSA-R.S. 23:1471 et seq. These benefits are not paid primarily to reward the employee or to punish the employer, but rather to protect the stability of the state of the family." See also Turner v. Brown, La.App. 3 Cir., 134 So.2d 384.
Thus the conduct presently in question, viewed in light of the surrounding circumstances, did not constitute disqualifying misconduct within the meaning of the unemployment compensation act. Although certainly the employee should not have disobeyed his foreman's order and should probably (as suggested by the employer's counsel) have instead sought redress from the foreman's superiors for any unfair treatment, nevertheless the claimant's hot-headed refusal to obey what he felt to be an unjust order does not under the circumstances shown, constitute misconduct "motivated by premeditated, obstinate, or intentional purpose" in "wanton and wilful disregard of the employer's interest", Turner v. Brown, above cited, at 134 So. 2d 387, such as should produce a forfeiture of unemployment compensation benefits in addition to the loss of his job.
For the foregoing reasons, we affirm the judgment of the District Court.
Affirmed.