337 So.2d 660 (1976)
PILGRIM MANOR NURSING HOME, INC., Plaintiff-Appellee,
v.
Joseph GERACE, Administrator, Louisiana Department of Employment Security, et al., Defendants-Appellants.
No. 5608.
Court of Appeal of Louisiana, Third Circuit.
September 22, 1976.
*661 C. O. Brown, Alexandria, James A. McGraw, Baton Rouge, for defendants-appellants.
Gravel, Roy & Burnes by Robert L. Royer, Alexandria, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
GUIDRY, Judge.
This appeal is from a decision of the district court which in reversing a decision of the Board of Review of the Division of Employment Security, State of Louisiana, rejects the defendant's, Mary Ann Battles, claim for unemployment compensation benefits. We reverse the trial court judgment and award unemployment compensation benefits.
Defendant, Mary Ann Battles, was employed by Pilgrim Manor Nursing Home, Inc., as a nurse's aide on September 4, 1971. She continued in this employment until her discharge on March 25, 1975. Ms. Battles was discharged for alleged misconduct, i. e., sleeping on duty. Following her discharge Ms. Battles made application for unemployment compensation benefits.
Defendant's claim for unemployment compensation benefits was initially granted by the Division of Employment Security on a finding that at the time of defendant's discharge from her employment she was sleeping during a break and not having been allowed to explain her situation her discharge was not due to misconduct connected with her employment under LSA-R.S. 23:1601(2).
*662 Plaintiff filed an appeal from this award and after a hearing before the Appeals Tribunal for the Department of Employment Security the referee made the following "Findings of Fact":
"The claimant worked for the employer from September 4, 1971 to March 25, 1975, having last worked as a Nurse Aide. The claimant was working last on the 11:00 P.M. to 7:00 A.M. shift. The claimant was aware that she could be discharged automatically in the event that she was caught sleeping on the job. On March 25, 1975 at 1:50 A.M. the Director of Nursing Services arrived at the establishment to make a periodic check. As she walked past the Nursing Station she observed the claimant asleep and the claimant did not rouse. At 1:55 A.M. the Director of Nursing Services returned to the Nurse Desk and called the claimant once, then again, and shook the claimant. She then told her to wake up and go home and go to sleep. The claimant was not on a break at that time. When the Nurse Aides go on a break, they were to clock out and the claimant had not clocked out for a break. The claimant denied that she was asleep and she stated that she was just dozing. The claimant further asked if she were fired and it was answered in the affirmative by the Director of Nursing Services."
The appeals referee expressed the following opinion:
"The claimant was discharged from her job for sleeping on the job after having been aware of the policy of the employer that an employee could be discharged automatically for sleeping on the job. It is found that the claimant was discharged for sleeping on the job which is a discharge for misconduct connected with her employment."
On appeal by claimant to the Board of Review the Appeals Tribunal was reversed, the Board of Review finding that there was not sufficient evidence to substantiate the charge of misconduct. A comparison of the decision of the Board of Review with that of the Referee reveals no substantial conflict in the facts as found by each. The Referee determined that claimant was asleep as opposed to a finding by the Board that Ms. Battles had "dozed off". The Referee determined that claimant was not on her break at the time she was asleep. The Board made no specific determination in this regard. In addition to the facts found by the Referee, however, the Board made further findings which appear to have prompted its decision that on the occasion in question claimant was not guilty of misconduct within the intendment of LSA-R.S. 23:1601(2). These further findings of fact which are uncontradicted and which we likewise find pertinent are as follows:
(1) Claimant had worked for plaintiff for some 3½ years prior to her discharge.
(2) On the occasion in question claimant was called in on her day off to replace a nurse who had not shown up and for this reason she had not rested in preparation for the 11:00 P.M. to 7:00 A.M. shift.
(3) Although claimant did momentarily doze off she had not left her post at the nurses station.
The trial court in reversing the decision of the Board of Review gave no reasons for its judgment.
The scope of judicial review of a decision of the Board of Review is limited by LSA-R.S. 23:1634 which provides that findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the courts shall be confined to questions of law.
We do not disagree with the findings of fact as made by the Referee or the Board. Like the Board of Review, however, we consider pertinent the above summarized additional facts and determine that under all of the circumstances claimant was not guilty of misconduct sufficient to disqualify her from unemployment compensation benefits.
Misconduct under LSA-R.S. 23:1601(2) has been defined by the jurisprudence as an act of willful or wanton disregard *663 of the employer's interest; a deliberate violation of the employer's rules; a disregard of the standards of behavior which the employer has the right to expect of his employee; or, negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Heard v. Doyal 259 So.2d 412 (La.App. 2nd Cir. 1972); Horns v. Brown 243 La. 936, 148 So.2d 607 (1963); Payne v. Antonie's Restaurant 217 So.2d 514 (La.App. 4th Cir. 1969); Rankin v. Doyal 223 So.2d 214 (La.App. 2nd Cir. 1972).
Considering the claimant's term of service with the plaintiff and the fact that she was at her station working a late night shift on her day off in replacement of another nurse at the employer's request, we conclude that the defendant's action in dozing off while on duty did not constitute a deliberate violation of the employer's rules nor did such action, under the circumstances, constitute a wanton, willful or negligent disregard of the employer's interest.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana, issue an order directing payment to defendant of the unemployment compensation benefits to which she is entitled under the Louisiana Employment Security Law. The plaintiffemployer is cast for all costs.
REVERSED AND RENDERED.