MARVIN, Judge.
Claimant, Rhonda Morgan, appeals a district court judgment affirming a denial of unemployment compensation benefits on the basis of R.S. 23:1601(2), i. e., misconduct connected with her employment by Western Electric. We reverse and remand.
After breaking her right index finger while playing softball on the night of May 14, claimant went to work the next morning, but was sent to a doctor for treatment *880 of her injury. She returned to work that afternoon with her finger in a splint. After doing light duties that afternoon, she reported to work on the morning of May 16 and was assigned to her full duties on the assembly line. Claimant’s pain medication made her ill and she went to the employer’s medical section. She was sent home that morning by medical section personnel. On May 17 the night nurse telephoned claimant and told her to check in once a week.
On May 21 a representative from the benefits section of Western Electric visited Ms. Morgan and gave her some insurance forms. She explained to this representative that her doctor had instructed her to stay off the job until he released her. That same evening, claimant reported to the night nurse as she had been instructed. Claimant also reported to the medical section on May 22. It was also shown that claimant informed her supervisor of the reason for her absence from work.
On Wednesday evening, May 23, Nurse Renter of the medical section telephoned claimant’s home to inform her that a physical examination had been scheduled for her at 8:30 a. m. on May 24. Claimant denies ever receiving such a telephone call. Nurse Renter testified that she called claimant’s home and asked for claimant by her first name, Rhonda, and that she asked the person who answered if she was Rhonda and was told “yes”. When this person was informed of the scheduled examination she stated to Nurse Renter that she could not come and would call the head nurse the next morning. Claimant did not show up for the May 24 examination and was notified by telegram on May 25 that her employment had been terminated. Claimant immediately telephoned her supervisor on May 25 for an explanation. She was informed that when she did not show up for the physical examination it was assumed that she abandoned her job. Her supervisor explained that it was “too late” to do anything about the termination.
Claimant appealed the agency’s determination that she was disqualified for benefits, but the referee found Nurse Renter’s testimony to be more credible and held that claimant was guilty of violating company rules. Claimant testified that she knew she could be terminated if she failed to show up for a scheduled physical examination. The appeals referee found this to be a reasonable rule of employment and held that claimant’s violation of such rule was disqualifying misconduct. We disagree.
This court stated in the case of Heard v. Doyal, 259 So.2d 412 (La. App. 2d Cir. 1972):
“Misconduct under LSA-R.S. 23:1601(2) has been defined on numerous occasions by the courts to mean an act of willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Payne v. Antoine’s Restaurant, 217 So.2d 514 (La. App. 4th Cir. 1969).
See also Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981).
While a single rule violation may constitute misconduct, the cases require that we look to the nature of the violation with due consideration of the factors which enter into proper conduct of employer’s work or business. See Dorsey v. Administrator, Louisiana Dept., etc., 353 So.2d 363 (La. App. 1st Cir. 1977) and Jackson v. Doyal, 198 So.2d 469 (La. App. 2d Cir. 1967).
We must accept the referee’s factual finding that claimant received the phone call made by Nurse Renter. LRS 23:1634. Accepting this as true, and given the fact that claimant knew that her failure to show up was grounds for termination, claimant’s behavior, nonetheless, did not constitute actionable misconduct. Heard, supra. Claimant informed medical and her work supervisor on more than one occasion of the reason for her absence. Claimant’s cooperation is shown to have been exemplary throughout *881 her brief absence. This is not a case where an employee failed to inform his employer of the reason for his absence and then refused to show up for a physical examination. This claimant’s omission, taken in context with her total behavior, does not manifest culpability, wrongful interest, or evil design, and does not show an intentional and substantial disregard of the employer’s interest or of the employee’s obligations to the employer.
We accept as true, and as the referee found, that Nurse Renter telephoned claimant on the night of May 23 to report for a physical examination the next morning and that claimant told Nurse Renter that she could not come for a physical the next morning. This does not lead to the conclusion, however, that claimant would not report for a physical at any other time, especially in view of such short verbal notice. Claimant’s absence began May 17 and claimant was instructed to check in once a week. Claimant checked in on Monday, May 17, on May 22, and again on May 23 (Nurse Renter’s telephone call). She apparently did not check in on May 24 but did check in and sought an explanation of her discharge on May 25. These total circumstances do not establish disqualifying conduct. See Smith v. Brown, 162 So.2d 179 (La. App. 3d Cir. 1964) and Barber v. Lake Charles Pipe and Supply Company, 148 So.2d 326 (La. App. 3d Cir. 1963). These cases indicate that lack of notification by the employee to the employer does not disqualify a claimant, where it is shown that the employer otherwise knew the circumstances that caused claimant’s absence from work.
Judgment below is reversed and this matter is remanded to the Board of Review for entry of an order declaring claimant to be eligible for such benefits as the law otherwise directs in accord with this opinion.
REVERSED AND REMANDED.