425 So.2d 945 (1983)
Joseph W. FREELOW
v.
Herbert SUMRALL, Administrator of the Louisiana Department of Employment Security and Orleans Manufacturing Company.
No. CA-0150.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1983.
Sidney D. Watson, New Orleans Legal Assistance Corp., New Orleans, for plaintiff-appellant.
*946 Before GULOTTA and BYRNES, JJ., and SWIFT, J. Pro Tem.
G. WILLIAM SWIFT, Jr., Judge Pro Tem.
This is an appeal from a judgment of the district court affirming the decision of the Board of Review of the Louisiana Employment Security Office which denied unemployment compensation benefits to appellant Joseph W. Freelow. No oral or written reasons for judgment were stated by the court. We reverse.
In these unemployment compensation cases the scope of appellate review is defined in R.S. 23:1634 as follows:
"In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."
See also Dunigan v. Admin. of Dept. of Employment Sec., 351 So.2d 807 (La.App. 1 Cir.1977).
In the instant case the referee made the following findings of facts:
"The claimant worked for the named employer from October 24, 1979 until August 22, 1980 as a cabinet assembler. He was scheduled to work from 7:00 a.m. to 3:30 Monday through Fridays and was earning $8.75 per hour at the time of his separation. The claimant was discharged by Mr. Eno Kliebert, foreman. At the time of the discharge, the claimant was informed that his discharge was due to making derrogatory statements about his supervisor. On August 22, 1980, the claimant along with another employee was being counselled by their supervisor, Mr. Kliebert, concerning their job performance. The claimant had received verbal warnings from his supervisor concerning his job performance, but this was the first official warning concerning the issue. While Mr. Kliebert was talking to claimant concerning his job performance, the claimant accused him (Mr. Kliebert) of not liking him because he was always given odd jobs to do while the other workers were not issued duties. The claimant stated to Mr. Kliebert that he did not know his own job and that he was a fool. At that point, the claimant was discharged by Mr. Kliebert for making derrogatory statements to his supervisor, which was against company policy as issued to the claimant in his employee's book upon hire with the employer."
The referee rendered the following written opinion which was affirmed by the board of review and the district court:
"R.S. 23:1601(2) provides that an individual shall be disqualified for benefits if the Administrator finds that he has been discharged for misconduct connected with his employment. Such disqualification shall continue until such time as the claimant can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or the United States, equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and has not left his last work under disqualifying circumstances.
"The facts in this case clearly show that the claimant was discharged for making derrogatory and malicious statements to his supervisor, which were against well-known company policy. The statements made to the supervisor by the claimant was without provocation. Therefore, considering all factors in this case, it is found that the claimant was discharged for misconduct in connection with his employment."
In Johnson v. Brown, 134 So.2d 388 (La. App. 3 Cir.1961), Judge Albert Tate, Jr., as organ of the court, stated:
"We may at the outset state that a single hotheaded incident cannot be considered the type of premeditated and seriously improper conduct which constitutes, within the meaning of the statute, the serious cause sufficient to deny unemployment compensation benefits to an employee. An employer has, of course, the legal *947 right to discharge an employee without cause or for any cause; but such employee ordinarily is upon application entitled to unemployment compensation benefits when his terminated employment is covered by the Louisiana Unemployment Compensation Law. LSA-R.S. 23:1471 et seq. These benefits are not paid primarily to reward the employee or to punish the employer, but rather to protect the stability of the state of the family.
"As the Louisiana legislature declared in enacting this beneficial statute, `As a guide to the interpretation and application of this Chapter, the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is a serious menace to health, morals and welfare of the people of this state. Unemployment is therefore a subject of general interest and concern which requires appropriate action by the Legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family. The achievement of social security requires protection against this greatest hazard of our economic life.' LSA-R.S. 23:1471." (at 388-389)
Also see Beaird-Poulan, Inc. v. Brady, 154 So.2d 589 (La.App. 3 Cir.1963).
Joseph Freelow has no prior history of any "hothead" incidents. He did not use vulgar words, nor did he attempt to smear the business reputation of the company by which he was employed. The language complained of occurred in the course of a conversation between appellant and his immediate supervisor in the presence of a fellow employee as the supervisor was telling the two they were not turning out enough work. The appellant's remark was undoubtedly tactless, and should not have been made. However, the record establishes that this was a single hotheaded incident which, under the totality of the circumstances, fell short of disqualifying "misconduct," as defined in our jurisprudence. See Horns v. Brown, 243 La. 936, 148 So.2d 607 (La.1963) and Morgan v. Lockwood, 395 So.2d 879 (La.App. 2 Cir.1981).
For the foregoing reasons, the judgment of the district court is reversed and this case is remanded to the board of review to grant unemployment compensation benefits to the claimant in accordance with law.
REVERSED AND REMANDED.