520 So.2d 1091 (1987)
Dennis C. SANDERS, Jr., Plaintiff-Appellant,
v.
ADMINISTRATOR OF OFFICE OF EMPLOYMENT SECURITY, Department of Labor, and Westinghouse Electric Corp., Defendants-Appellees.
No. 86-1209.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
*1092 James E. Burks, James Spruel, Jr., Lake Charles, for plaintiff-appellant.
Kullman, Inman, Bee & Downing, P.C., John Lindner, II, New Orleans, Herman Robinson, Baton Rouge, for defendants-appellees.
Before DOUCET and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge Pro Tem.
Dennis C. Sanders, Jr. has appealed the decision of the district court which affirmed his disqualification for unemployment compensation benefits. Mr. Sanders was terminated from his employment with Westinghouse Electric Corporation on April 15, 1985 for misconduct connected with his employment, namely using intoxicants/controlled substance(s) while on duty. Mr. Sanders filed his claim for unemployment compensation benefits, he was determined to be eligible for benefits, and his employer appealed the determination. A hearing was conducted in the Appeals Tribunal, after which the appeals referee made certain findings of fact and recommended and so ordered that the claimant be disqualified. Mr. Sanders appealed the determination to the Board of Review, which upheld the determination of disqualification. He thereafter filed a petition for judicial review to the district court. The petition for review was denied by the district court and the claimant has appealed this judgment. Mr. Sanders urges by way of this appeal that (1) he was denied a fair hearing in the proceedings below because there was a substitute of charges of misconduct at the initial hearing, and (2) there was insufficient evidence to show disqualifying misconduct. We affirm the determination of disqualification.

*1093 WAS CLAIMANT FAIRLY APPRISED OF THE CHARGES AGAINST HIM?
The basis of the claimant's argument is that while he was given notice of one charge by the Office of Employment Security and was prepared to refute that charge, the appeals referee concluded that he should be disqualified for an entirely different reason. Mr. Sanders contends that he was not given adequate notice of that charge of misconduct and was therefore denied a fair hearing.
The notice sent to Mr. Sanders prior to the hearing before the Appeals Tribunal contained the following statement of the issue presented to the appeals referee:
"The claimant was discharged for allegedly using intoxicants/controlled substance while on duty. The claimant denies the allegation."
Following the hearing, at which the claimant and J.R. Shirley (Westinghouse's plant manager) were present and testified, the referee made the following findings of fact:

"FINDINGS OF FACT
"The claimant worked for the named employer, on this occasion, about five years to April 15, 1985, as a Machinist. He was paid $12.46 per hour and worked a regular full-time schedule. The claimant had been previously terminated and warned regarding drinking on the job, or reporting to work under the influence of alcohol. He had been required to attend Chemical Dependency Treatment Programs in the past. He was cautioned against reporting to work under the influence of alcohol or drinking while on duty, particularly for safety considerations. Because of blood pressure and heart problems, the claimant is also taking medication, which he is aware enhances the effect of alcohol on his system. He stated that the doctors advised him to reframe [sic] from using alcohol. All employees are required to alternate week-end on-call duty. The claimant was on call the week-end of April 13 and 14, 1985.
"On the morning of Sunday, April 14, 1985, the claimant received a call at about 2:00 a.m., indicating that there was a job to be performed. At that time the claimant did not indicate any problem about reporting for work in a safe manner.
"While at work he was observed by the other worker frequently going to his truck to drink something. While the other employee delivered the motor, the claimant was turning off the lights in the shop, and inadvertently turned off switches to the computer and time clock. He then called the Plant Manager's home to indicate what he had done. The employer felt the claimant's voice was very incoherent, as on previous occasions when he had been drinking. He attempted to give the claimant instructions about which switches should be turned on again since this was marked on the switchbox. The claimant could not respond to these instructions. He was then told to turn all switches on again and then leave, because the Manager did not want him to possibly cause further damage at the shop or possible [sic] cause injury to himself. The Manager then went to the shop area and waited for the other employee to return from the delivery. He questioned the other employee about the claimant's actions on the job. The co-worker told him about the frequent trips to his truck. The claimant was questioned on the following morning when he reported for work. He admitted that he had been drinking on the previous evening. He denies that he told the employer that he had been drinking at the job. The claimant states that he carried a thermos of coffee with him, in addition to having made coffee at the location. The employer indicates the claimant admitted to having been drinking alcohol on the job. Based on evidence that the employer felt substantiated indications that the claimant had been drinking on the job, or at least reported to work under the influence of alcohol, after previous warnings regarding this matter, that he should be terminated for his own safety and that of co-workers."
*1094 The appeals referee expressed the following opinion with regard to the case:

"OPINION
"R.S. 23:1601(2) provides that an individual shall be disqualified for benefits if the Administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment. Such disqualification shall continue until such time as the claimant can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance laws of any other state or the United States, equivalent to at least ten times his weekly benefit amount subsequent to a claim for a compensable week for unemployment benefits under this Act and has not left his last work under disqualifying circumstances. A compensable week is defined as a week for which benefits would otherwise be payable except for the disqualification imposed by this Paragraph or by the provisions of R.S. 23:1600(4).
"Testimony and evidence as presented in this case indicate that the claimant was discharged from work for alleged drinking on the job, or reporting to work under the influence of intoxicants. The claimant was aware that he was on-call that week-end. He consumed alcoholic beverages during the time that he was on call. Although he denies having been drinking alcohol at the job site, he did report to work under the influence of alcohol. It must be considered that his actions were misconduct connected with the work. He should be disqualified."
The ultimate factual conclusion reached by the referee was that Mr. Sanders did report to work at 2:00 a.m. on April 14, 1985 under the influence of alcohol. The claimant now contends in essence that this finding is not the same as using intoxicants or controlled substances while on duty. We fail to see the distinction as perceived by the claimant. Mr. Sanders admitted to having had some drinks on Saturday night. If the claimant was on-call on the weekend of April 13-14, then he was on duty and consumed alcoholic beverages when he knew he could be called to the shop at any time. We believe that Mr. Sanders was adequately apprised of the misconduct which lead to his termination. This argument is without merit.

WERE THE FINDINGS OF FACT SUPPORTED BY SUFFICIENT EVIDENCE?
The scope of review in a case such as this is limited by LSA-R.S. 23:1634. That statute provides that the findings of the Board of Review as to facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the courts shall be confined to questions of law. Pilgrim Manor Nursing Home v. Gerace, 337 So.2d 660 (La.App. 3d Cir.1976).
The thrust of claimant's argument is that the findings of fact were based upon hearsay evidence, such hearsay evidence is not competent evidence, therefore the evidence was insufficient to find him guilty of disqualifying misconduct. This argument is premised on the fact that only J.R. Shirley testified at the administrative hearing and Mr. Shirley did not observe the claimant on the morning in question. It was another employee who observed claimant's activities that morning and that employee did not testify.
The usual rules of evidence need not apply to an administrative hearing, thus hearsay may be admissible; however, the findings of the administrative agency must be supported by competent evidence, and incompetent evidence will be disregarded by the courts in the judicial review to determine whether the agency's findings are supported by sufficient evidence as required by law. LSA-R.S. 23:1631 and Hall v. Doyal, 191 So.2d 349 (La.App. 3d Cir. 1966).
Disregarding the hearsay testimony of Mr. Shirley, our review of the evidence presented to the appeals referee leads us to the conclusion that there was sufficient evidence to support the Board's findings of *1095 fact. Therefore our only inquiry is whether Mr. Sanders was guilty of misconduct sufficient to disqualify him from unemployment compensation benefits.
As the court in the Pilgrim Manor Nursing Home case stated:
"Misconduct under LSA-R.S. 23:1601(2) has been defined by the jurisprudence as an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of the standards of behavior which the employer has the right to expect of his employee; or, negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."
(Citations omitted) 337 So.2d at 662-663.
Considering claimant's past history of alcohol abuse, having been fired twice before by Westinghouse for alcohol use and abuse in his employment and repeated warnings by Westinghouse about such problems, his knowledge of the combined affects of medication and alcohol, and his admitting to having had some drinks while on-call, we conclude that claimant was guilty of disqualifying misconduct.
Accordingly, the judgment of the trial court is affirmed. Costs are assessed to claimant-appellant.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.