KLEES, Judge.
Plaintiff, John E. Canty, was employed by defendant, New Orleans Distribution, Inc., from September 1983 until July 10, 1985, the date of his termination. The Louisiana Department of Employment Security denied unemployment compensation based on misconduct. The appeals referee upheld *1241 the disqualification concluding that “... the claimant refused to comply with a reasonable request of his supervisor and that his discharge was under disqualifying conditions.” (Decision of Appeals Referee, p. 2) The Board of Review and the District Court affirmed. Plaintiff appealed to this court. The administrator joined plaintiff on appeal by submitting a brief seeking a reversal of the decision of the Board of Review.
The issue before us is whether the employee’s refusal to obey his supervisor’s order constituted, under the circumstances of the refusal, “misconduct” within the meaning of the unemployment compensation statute so as to disqualify the claimant from statutory benefits. LSA-R.S. 23:1601(2).
Plaintiff had been a forklift operator for defendant company for 23 months. On July 10, 1985 he was assigned to unload a truck that had just delivered Wrigley products. Plaintiff discovered that the merchandise had shifted and that it could not be unloaded with the machine he was operating. He reported the situation to the receiving clerk who inspected the load and ordered the driver away from the dock. Mr. Kelly, plaintiff’s supervisor, then came and inspected the load. He asked plaintiff to remove one pallet of merchandise with his forklift. Upon removing the pallet of merchandise from the truck, six or seven cases fell to the warehouse floor. Mr. Kelly told plaintiff to pick up the cases that had fallen and then returned to his office to contact Wrigley, the shipper. It was the responsibility of the shipper and the trucker to deliver the load in condition to be received. The driver of the truck told Mr. Kelly that he could not pick up the cases because he had just had surgery. Once contacted, Wrigley informed Mr. Kelly that they would pay for the labor required to restack the load. Mr. Kelly returned to the truck and found that Mr. Canty had not picked up the boxes. He again asked plaintiff to do so. Plaintiff again refused stating it was not part of his job. After a brief exchange of words, Mr. Canty was discharged.
The Supreme Court in Charbonnet v. Gerace, 457 So.2d 676 (La.1984) stated:
For a claimant to be disqualified from benefits because of “misconduct connected with his employment” under La.R.S. 23:1601(2), the “misconduct” must have resulted from willful or wanton disregard of the employer’s interest, from a deliberate violation of the employer’s rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees. Pilgram Manor Nursing Home, Inc. v. Gerace, 337 So.2d 660 (La.App. 3rd Cir.1976). The type of behavior which is considered “willful misconduct” is intentional wrong behavior. Banks v. Administrator of Employment Security, 393 So.2d 696 (La.1981). Because of the beneficial purpose of unemployment compensation, the term “misconduct” should be construed so as to favor the awarding of benefits rather than disqualification.
At the hearing before the Appeals Referee, both the plaintiff and his supervisor testified. Although there were some discrepancies in their testimony as to exactly what Mr. Kelly asked plaintiff to do, the appeals referee found that the supervisor ordered plaintiff to pick up about six boxes. Plaintiff failed to do so and when asked again, he refused. Mr. Kelly then discharged him.
Nonetheless, the evidence presented at the hearing also indicates that plaintiff’s denial of Mr. Kelly’s order was a single isolated incident.
In this regard, we look to our decision in Freelow v. Sumrall, 425 So.2d 945 (La.App. 4th Cir.1983). In that decision, we relied on Johnson v. Brown, 134 So.2d 388 (La.App.3rd Cir.1961), wherein Judge Tate stated:
“We may at the outset state that a single hotheaded incident cannot be considered the type of premeditated and seriously improper conduct which constitutes, within the meaning of the statute, the serious cause sufficient to deny unemployment compensation benefits to an employee. An employer has, of course, *1242 the legal right to discharge an employee without cause or for any cause; but such employee ordinarily is upon application entitled to unemployment compensation benefits when his terminated employment is covered by the Louisiana Unemployment Compensation Law. LSA-R.S. 23:1471 et seq. These benefits are not paid primarily to reward the employee or to punish the employer, but rather to protect the stability of the state of the family.” Also see Beaird-Poulan, Inc. v. Brady, 154 So.2d 589 (La.App. 3rd Cir.1963).
We find the conduct presently in question, viewed in light of the surrounding circumstances, did not constitute disqualifying misconduct within the meaning of the unemployment compensation act. Plaintiff has no prior history of denying orders from his supervisor. The evidence shows that he has enjoyed a satisfactory, lengthy employment relationship with New Orleans Distribution. Prior to that, he was employed for fourteen years by another corporation run by the Kelly family. Admittedly, plaintiffs hasty denial should not have been made unless he was certain what was asked of him. However, the plaintiffs refusal to obey what he felt to be an unjust order does not, under the circumstances shown, constitute disqualifying “misconduct” as defined in our jurisprudence, such as should produce a forfeiture of unemployment compensation benefits in addition to the loss of his job. See Horns v. Brown, 243 La. 936, 148 So.2d 607 (La.1963) and Morgan v. Lockwood, 395 So.2d 879 (La.App.2d Cir.1981).
For the foregoing reasons, the judgment of the District Court is reversed and this case is remanded to the Board of Review to grant unemployment compensation benefits to the plaintiff in accordance with the law.
REVERSED AND REMANDED